UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MEREDITH GOLOMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-CV-01427-TWP-DLP |
| ) | |
| INDIANA UNIVERSITY HEALTH CARE ) | |
| ASSOCIATES, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT V**

This matter is before the Court on Defendant Indiana University Health Care Associates, Inc.'s, d/b/a Indiana University Health Physicians ("IU Health") Motion to Dismiss Count V of Plaintiff's Amended Complaint, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). ([Filing No. 30](#).) On August 20, 2020, Plaintiff Meredith Golomb ("Dr. Golomb") filed an Amended Complaint alleging four claims for violations of the Americans with Disabilities Act and the fifth claim, ("Count V"), alleging Intentional Infliction of Emotional Distress. ([Filing No. 27](#).) IU Health seeks dismissal of Count V.

In Indiana, to support a claim of Intentional Infliction of Emotional Distress a plaintiff must plead and prove that the defendant "(1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another." *Westminster Presbyterian Church of Muncie v. Yonghong Cheng*, 992 N.E.2d 859, 870 (Ind. Ct. App. 2013). IU Health asserts that Dr. Golomb's Amended Complaint does not allege any conduct that is "extreme and outrageous" nor does the Amended Complaint allege that the implementation of the departmental On-call Policy was done intentionally to cause her emotional distress. ([Filing No. 31 at 5-7](#).) As such, IU Health argues Count V of the Amended Complaint fails to state a claim

for Intentional Infliction of Emotional Distress. *Id*. A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id*. Because Dr. Golomb's allegations fail to plausibly allege facts that would support a claim for Intentional Infliction of Emotional Distress, and her conclusory statements do not suffice, IU Health contends Count V should be dismissed.

Dr. Golomb has not responded to the Motion and the time to do so has expired. Accordingly, she has conceded these points. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession); *Myers v. Thoman*, 2010 U.S. Dist. LEXIS 107502, at *11 (S.D. Ind. Oct. 6, 2010) ("The Seventh Circuit has clearly held that a party who fails to respond to points made . . . concedes those points."); *Cintora v. Downey*, 2010 U.S. Dist. LEXIS 19763, at *12 (C.D. Ill. Mar. 4, 2010) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession."); *Sequel Capital, LLC v. Pearson*, 2010 U.S. Dist. LEXIS 109087, at *22 (N.D. Ill. Oct. 12, 2010) (same); *Thomas v. Am. Family Mut. Ins. Co*., 2008 U.S. Dist. LEXIS 92440, at *13–14 (N.D. Ind. Nov. 13, 2008) (same).

Based on the merits of the argument and Dr. Golomb's concession, the Court **GRANTS** IU Health's Motion to Dismiss Count V of Plaintiff's Amended Complaint (Filing No. 30), for

failure to state a claim.   Count V of the Amended Complaint is **dismissed without prejudice.**

    **SO ORDERED.**

Date:  11/24/2020

                                                   Hon. Tanya Walton Pratt, Judge
                                                 United States District Court
                                                 Southern District of Indiana

DISTRIBUTION:

Michael Shaun Dalrymple
michaeld@dalrymple-law.com

Katherine Lee English
LEWIS WAGNER LLP
kenglish@hooverhullturner.com

Laurie E. Martin
HOOVER HULL TURNER LLP
lmartin@hooverhullturner.com